**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **ASHOT KARAPETYAN,** | ) |
| Petitioner, | ) **ORDER DENYING REQUEST** |
| | ) **FOR PRELIM. INJUNCTION** |
| v. | ) |
| | ) ED CV 26-01199-VBF-MAR |
| FERETI SAMAIA (Warden, ICE Facility) *et al.*, | ) |
| Respondents. | ) |

By temporary restraining order ("TRO") issued March 23, 2026, CM/ECF Document ("Doc") 10, this Court ordered the respondents to either immediately release petitioner or

hold a detention hearing no later than Monday, 3/30/2026, of which petitioner shall be given sufficient advance notice, and at which petitioner will have a meaningful opportunity to present evidence and argument, and at which the government alone will have the burden of proving by clear and convincing evidence that petitioner is a flight risk or a danger to the public such that his continued civil detention is necessary.

On March 27, 2026, the respondents filed a brief opposing issuance of a PI (Doc 13) and advised the Court that they had already scheduled an individualized detention hearing before

an immigration judge.  On March 30, 2026, the respondents filed a notice (Doc 15) advising the Court that the individualized detention hearing took place as promised.  The respondents also contend that the habeas petition is moot in its entirety, *see* Doc 15 at 2-3.

Petitioner admits (Doc 17 at 2) that he received an individualized bond hearing on March 27, 2027; and that the immigration judge stated that he was placing the burden of proof on the government that petitioner posed a danger to the public or a risk of flight were he to be released from immigration detention.  Petitioner contends, however, that the immigration judge was not fair and impartial.  Petitioner states, "While petitioner agrees that this Court's TRO granting his application in part has been satisfied, Petitioner believes that he did not receive a full and fair hearing before a neutral arbiter." Doc 17 at 2.  Nevertheless, petitioner contends that, although "the terms of the TRO have been satisfied and it would be appropriate to discharge the order to show cause," the Court should discharge the order to show cause subject to reinstatement after he amends his habeas corpus petition to claim that the Adelanto federal immigration court is no longer a neutral arbiter.  *See id.*

## ORDER

The Order to Show Cause is discharged.

**Petitioner's request for a preliminary injunction is DENIED except to this extent:** Pending entry of final judgment in this case, the respondents remain enjoined from transferring petitioner outside this federal judicial district, the Central District of California.

This case remains open and referred to the United States Magistrate Judge. Accordingly, any motion for leave to amend the habeas corpus petition or motion to dismiss this action as moot should be directed to the Magistrate Judge in the first instance.

IT IS SO ORDERED.

Dated: April 2, 2026

_____
Honorable Valerie Baker Fairbank
Senior United States District Judge